Good morning. We will turn to our second case today. Case numbers 18-14808 and 19-13269, Johnston v. Borders, et al. Mr. Coley. Good morning, Your Honors. Brian Cogey on behalf of Sheriff Borders and Jennifer Ferguson. May I please? Could I interrupt and pose a couple of questions to you because I'm concerned about whether or not your errors are preserved or really in a way what went on. Here's how I see this case and I speak for myself. What the district judge did here was at the plaintiff's insistence was to transform a procedural due process right into a substantive due process right such that the sheriff had a duty in effect to arrange a hearing and when he did not do that the plaintiff could sue for damages and the measure of damages would in effect be the common law measure of damages for defamation basically to the character. So the Supreme Court in Codd v. Velger which was a damages action and which went before the court to determine whether or not there was enough to have a hearing. The Supreme Court in effect sort of transformed that case into an equity case. Now here's what the court said. Assuming of all the elements necessary to make out a claim of stigmatization under Roth and Bishop which is what she alleged basically the remedy mandated by the due process clause of the 14th amendment. Excuse me. Well it's a name clearing hearing so the Supreme Court has said that in these cases the remedy is a name clearing hearing and by implication as I read the law it is not that there's a substantive due process right which in effect picks up and incorporates the common law defamation law. Now I don't know whether or not if that's your if your position is that whether that was preserved. Yes your honor we phrased it a little bit differently throughout the case we took the position that the measure of damages in this case the theory pursued by the plaintiff was inaccurate and that they were essentially trying to constitutionalize a claim of defamation against the sheriff a claim for which he has absolute privilege under Florida law and when our view the case is about damages for the denial of the hearing not to whitewash what's already out there if you will by the statements and the press release issued by the sheriff's office you get a hearing to rebut that in a normal course of action if a hearing is held you're not going to end up with any result any finding the internet's not going to delete any sensationalized news articles we raised that in our rule 50 motion as to whether or not there were actual damages to support the jury's verdict the court denied well mr koji what in a procedural purely procedural denial of a name clearing hearing if that hearing is denied let's assume in a hypothetical that there's liability because the entity at issue has not given one despite a demand for one what is the constitutional remedy for that denial what do you think that is the constitutional remedy where you could have nominal damages or if you can prove that there are compensatory damage emotional distress that sort of thing that's attendant to the denial of the hearing why not why not a lawsuit for an injunction courts have done that historically in this circuit we grant injunctions in order the school board or whoever it is to give a hearing that's what the supreme court said in the case i just quoted to the remedy for that constitutional violation is a name clearing hearing and i'm concerned that you may have gone along with this damages idea which means in effect this is kind of preposterous of my mind she decides not to have a name clearing hearing but she would rather suffer the stigmatization for a long period of time and collect damages that stands logic on its head i would rather not have a an order requiring a sheriff to conduct a name clearing hearing what i would rather have is i'll suffer the stigma i'll waive the name clearing hearing and i'll seek damages i think maybe you went along with that your honor we definitely did not go along with that well where do i find where do i find that you told the court that that the remedy in this case was an injunction to have a hearing and maybe maybe nominal damages as justice brennan said in that same case in a footnote nominal damages between the time that they denied the hearing and you and the court ordered the hearing you follow me a dollar yeah absolutely i think that the issue that we have with that we preserved it in our actual damages argument in rule 50 but the reason that it doesn't stand out more in the trial is because this is the second time this case has been up on appeal to this court in the first matter uh the the entire issue was the issue of whether or not the remedy of she could have sought a state remedy to get the hearing she wants and avoided i'm not talking about a state remedy i'm talking about a federal district judge when she filed this lawsuit she could have asked the court as they do in a lot of these cases give order a name clearing hearing that's what i want the supreme court has said that's the remedy right and we agree but she did not that's aside from peratt v taylor and and uh and all that line of cases uh you just ask for a name clearing hearing so what she did and i i'm concerned about whether you preserved it what she did was say i don't want a hearing i don't care if my name's at all as a matter of fact i want to travel on my the damage to my reputation and collect damage correct your honor obviously as the defendants we're not framing the issues that they're seeking or the relief they're seeking we do point out and it comes into play on the cross appeal attorney's fees that they did not seek that injunctive right they could have they did not do it in this case what we the way we were left to defend the claim as it was and the claim was they were pursuing compensatory damages we raised that as an issue in our rule 50b motion that they did not prove actual damages to the extent that there are damages available in section 923 claim we certainly don't concede that they are and we do not concede that they have anything to do with back pay available to her she couldn't receive that they put on an expert in that regard or that has anything to do with whitewashing the internet which is what her her that's the only damages evidence they put on and we oppose that in our rule 50 we said you haven't proven actual damages that's where we preserved it okay thank you let me turn to another issue mr koji which is the the issue you lead off with in in your brief which is the monel issue assuming you are right that there is a monel component to the name clearing hearing claim but why isn't this case just harmless error i mean the sheriff is the county he is the policy maker he's the one that denied a hearing in this particular context what else under monel was miss johnson supposed to prove yes your honor that's uh in the response to that question i retrial so we were not allowed to make that argument we were not allowed to put on our evidence we could have put on some evidence to just to really delve into what involvement did the sheriff have as the final policymaker versus what was done by subordinates the overwhelming bulk of what happened here was done by his subordinate employees down to the level of sergeant we're talking about a 700 person agency now in terms of denial of the hearing he didn't fire miss johnson he didn't make the bulk of the statements when is the right perfected when she was terminated by major longo who is not the sheriff who's not a policymaker he's number three in command at that point her claim had not even been perfected because no statement had been released let alone a false or stigmatizing one her statement if anything thank you her statement her claim gets perfected down the line and at that point in time sheriff borders is not even in the picture maybe this court you know the only way to hold that sheriff borders is responsible is that he he should have been in the picture when he wasn't he didn't make a decision well who doesn't in your view of the facts who does not give her a name clearing hearing ultimately the sheriff has to give her the name clearing hearing but we're looking at the actual facts who did it in this case nobody did it nobody did it in this particular case that isn't the sheriff isn't it if the sheriff as you said is ultimately responsible for doing it and there are no subordinates that take any action to do it how can the sheriff not be the final policymaker for monel purposes he is the final policymaker under the law but he's not in the facts of this case he didn't make a decision so you would be holding that he's we've satisfied monel by simply not having a policy and to us the law is not having a policy you mean denying denying a required name clearing hearing if the law says you have to do x and the county doesn't do x that's county policy that's a county decision that's a county action that is actionable under monel is it not no with all due respect we would argue it's not that inaction doesn't amount to a policy if we had a track record of doing it if she had requested it and he had denied it or directed subordinates tonight clearly you could have that but in this particular case you could have it's the same thing with any other section 1903 claim you could have first amendment the policies you can't retaliate against somebody for protected speech same thing you actually have to take action to deprive her of her liberty in this case the sheriff didn't do anything certainly and the only thing he did do happened before her claim was perfected i see your argument has expired okay thank you all right thank you very much mr koji you've saved your your time for rebuttal mr gordon good morning may please the court jason gordon on the monel issue ultimately is not an issue for a number of reasons first the joint pre-trial stipulation indicated there is no monel element it's not included on summary judgment the appellants argued the elements of this claim not with monel this court in its prior appeal set out the elements of this claim and did not include monel the joint pre-trial mr gordon this mr gordon this is this judge newsome so but is your position really that monel somehow just evaporates for this subspecies of constitutional claim why would it i mean the fact that we didn't list it out specifically in buxton i mean i don't know we'd have to rewrite federal court's case books if that's the rule i just don't understand that i understood the point your honor certainly if if there was a negligence claim and someone leaves out duty the argument would be you can't say understood however the issue becomes one of prejudice that there's no monel issue that's raised through the years of the litigation this johnston is not put in the position where they're going to raise that sheriff borders is not the highest law authority in the land then three months before trial after jury instructions were originally submitted before summary judgment after the ruling on this appeal from this court previously now they come in monel is an element where outside discovery there is prejudice at that point but where it ultimately doesn't become an issue is this the court as council points out the district court did rule on this pre-trial and it is for as we cite you in our papers it is for the district court under this court's opinion in dove versus school board of broward county for the district court to determine final policy making authority is an issue of state law decided by the district court not the jury the district court properly made that decision pre-trial but what the district court then did is during the charge conference during the rule 50 conference and jury instructions informed the parties even if monel is an issue sheriff borders testified he's the highest law making authority in the land so this has been met he stands by that he is charged with advising of a name clearing hearing right this court found in the prior appeal that sheriff borders did not do that and he was required to as well the district court found that sheriff borders sheriff borders testifies he stands by the decision by major longo to terminate miss johnston again he's the final authority as well because it's an issue of state law as we note in our brief section 30.53 of florida statutes provides that as to a sheriff the sheriff has independence on numerous grounds selection of personnel hiring and most important in this case firing so the district court properly found monel is not an issue it is meant it should not be a factor even if it ultimately is determined to be an element was the sheriff was the sheriff borders asked during the trial what role if any he in the denial of a name clearing hearing he he is asked that he understands that he is charged with giving the he's charged with informing miss johnston of the right to a name clearing hearing because of this court's ruling reversing summary judgment and he acknowledges that he is in fact the person who is charged with that obligation he acknowledges it during trial because as he has he been informed that is the basis of what was the prior appeal so the answer is yes he is he asked about what really happened at the time that the events took place in other words is he asked what happened with miss johnston's case who was the one that fell asleep at the wheel who did not give her a name clearing hearing is he asked any of those questions certainly your honor he's not asked the questions in that context but it's important to keep this in mind the position of the sheriff's office throughout this case throughout summary judgment through the appeal was that sheriff borders had no obligation to inform of the right to a name clearing hearing that was their steadfast position we did not have to tell her it took this court to reverse and indicate in fact you do have that obligation that was made clear in buxton many years ago so there was no basis by which the sheriff was going to do anything other than stand by the position they took of i did not have to inform miss johnston of the right to a name clearing hearing now they want to come back and take the position well we didn't tell her but it wasn't a policy if your position is we do not have an obligation to tell her you have established a policy the policy is you do not inform your government employees of the right to a name clearing hearing that's what they made clear sheriff borders testifies at trial he did not even know what a name clearing hearing was until this case for years that's the policy and as this court is found as to policy that effectively the argument is it couldn't be because this is the only instance this court found in cooper versus dylan single decision by a policymaker can constitute municipal policy and that's certainly what in fact had occurred here to the issue raised by judge show flat as to uh injunction the damages and such this is a species of 1983 claim the appellants have taken the position in arguing monel applies they argue it because they say it applies to every section 1983 claim but when it comes to damages now the position is well but that doesn't apply when it's a section 1983 claim as to damages that functionally does not work the supreme court in memphis county versus tachura as judge show flat notes the concept common law tort damages apply to 1983 claims harm to reputation humiliation mental anguish there is overwhelming evidence in the record the miss johnson's mr gordon are you contending the due the state tort law the answer is yes your honor as a 1980 all right i buy your argument that is a substantive due process claim a substantive claim now hear me now under mckinney v pate and all the rest of the cases supreme court cases no hearing at all can mitigate against a sub the denial of a substantive right so the hearing is irrelevant you have as i understand your position is a substantive due process right they didn't give her a hearing on their own initiative and therefore uh they denied her a substantive right which is measured by the damage she suffered the stigma that's your case right the the answer is the the case is that no no no a substantive due process claim your honor i want to be clear about the if the question is is it a substantive or procedural due process claim oh it's a subject to do if it's a procedural due process claim and the cases and it's well i read you the supreme court case and by the way we cited that case in the case that said he had to give him notice uh it just so the the we said at buxton what processes do in cases where liberty interest arising for reputational damage is implicated the courts have followed a different procedural course the hearings granted in such cases served not to avert the just a justified denial of a specific benefit but to allow the aggrieved party to clear his name citing cod v valgar which is one i read earlier which holds that the remedy the remedy for for uh no name clearing hearing for the denials is a name clearing hearing and the first thing that the court has to find in order to even uh trigger a name clearing hearing the plaintiff has to say there's a dispute about i'm i'm injured and because i'm injured you have to give me a hearing and if you won't give me a hearing i'll soon have the court order a hearing and at the end and the court will decide first as it did in that case i decided the supreme court case the first question is whether there was any stigma and the supreme court and cod said there wasn't any stigma so there was no need for a hearing however your honor the uh aptly is not limited to a remedy of a name clearing hearing because once that is denied and the position of the sheriff's offices they do not have to inform your argument is that the plaintiff has an op that has this right i can have a name clearing hearing and no damages or i can i can waive the name clearing hearing suffer the damages and the longer the period before i go to trial the better so if it takes four or five years i've four or five years of defamation to and i can get money is that right your honor no because that's built as the the aptly manufacturing damage claim which is not what we have here no no the damages claim was not the value of a hearing the damage claim when when they didn't give her a hearing let's suppose a hearing would have cost her a hundred thousand dollars okay the hearing would cost her a hundred thousand they didn't give her a hearing they saved her a hundred thousand dollars but but they did not your honor because what they did is with as we know from the record in the part of this as to the statements that were made we know that within two hours of her termination a press release is put out with false information within the next four days several newspaper articles and i understand all of that and she could have gone to court the next day and gotten an injunction for a name clearing hearing but she's not required to limit her remedy to a name clearing hearing well therefore she's entitled under the law to suffer all the injury and get money for it your honor she's another principle in the law that bothers me also and that the duty to mitigate the loss she could have mitigated the loss of the future damage that occurred by having a hearing your honor but she's denied the right to a name clearing hearing so in effect this court would be rewarding the sheriff's office why you seek an injunction but your honor she's not limited to that remedy ultimately and to your point of whether this is waived i'd like to address a jurisdictional issue which i think resolves a lot of what is the matters on appeal she did not seek the remedy the supreme court said she's entitled to have it that's true isn't it she did not she did not seek an injunction for a name clearing hearing that is correct and ultimately our position is she got that through the trial and her name was cleared this court raised a jurisdictional question regarding the rule 50 and 59 motion that was filed by the appellants which we deemed to be untimely the district court found untimely i'd like to address that because i think that resolves a lot of what frankly is on appeal the first part of this is the motion for new trial the rule 59 50 motion that was filed the original judgment is amended to include pre-judgment interest that is it there was an agreement as to amount this was simply a rule 59 motion to alter to include that because the judgment drafted by the district court did not include pre-judgment interest if it had the calculation would be a rule 60 motion they wouldn't have had the ability to have filed this rule 59 motion once that is why isn't your jurisdictional argument almost completely foreclosed by our martinez decision from 1992 there the judgment was amended to correct simply a clerical error and despite that limited correction we found that a post-trial motion tied to that new judgment was timely how is this case any different because your honor just made the very point tied to that new judgment what the second circuit and true art sign versus local 137 what the second circuit and true art sign versus local 137 found to this very point when a judgment is amended timeliness of the rule 59 e motion is determined from the amended judgment only if the motion bears some relationship to the alteration of the first judgment we altered it simply for pre-judgment interest the appellants 59 e motion had nothing to do with pre-judgment interest this was a i'm not sure but i'm not sure that martinez our martinez case contains that limitation expressed by the second circuit your honor to allow as this court did address in uh a case that is cited to in the mcnabola opinion that we cite to um what this basically would would allow if you open this up is that the appellant would the the uh miss johnson would have to decide do i want to add pre-judgment interest or do i not because if i do i am opening the correct that pre-judgment interest pre-judgment interest was not included by the district court it should not allow opening that when there is no dispute the rule 59 e motion filed by the appellants was untimely no dispute about that did you i haven't taken a deep dive into this record which is big um did you ask for pre-judgment interest before the initial judgment was entered uh i want to be sure i understand the question your honor do we ask for it from specifically the district court in in by way of a motion or by way of the pleading it doesn't matter to me i mean you could have asked for it orally by pleading by motion but after the jury returns his verdict and before the judge enters judgment on the verdict did you ask for pre-judgment interest oh i did not believe that we did your honor but ultimately so then isn't this to the to the problem that you're alluding to of miss johnson being placed in a difficult position of choosing whether to reopen the judgment or not this is an issue she could have avoided by asking the judge for pre-judgment interest from the outset your honor i see my time is uh expired may i leave to answer the question yes of course okay um the answer is your honor that miss johnson is not required to have asked for it for a judgment which is prepared by the she has an entitlement to pre-judgment interest the district court either has to make a finding of a date of loss for the calculation to be done which is a ministerial act or as happened here and why this is waived by the appellants with their 59e motion they agree to the amount of interest they agree to a date of loss they agreed to the amended final judgment it's not that this was ultimately something corrected by the district court we agreed to it so therefore with that they waived it ultimately in filing their motion too late and this court cannot consider those uh those arguments as to the rule 59e motion and it wasn't preserved as a rule 50b motion ultimately which is required under a supreme court in this court's precedents to have preserved these arguments on the sufficiency of the evidence again most of this is simply waived that's the easiest course in resolving the appeal thank you all right thank you very much mr gordon mr koji thank you your honor on a couple of points raised by opposing counsel first it's inaccurate to say that throughout this case the sheriff's position has been that she should not receive a name clearing hearing the sheriff's position at the time all of this happened was that we did not understand that a name clearing hearing was appropriate based on the circumstance we did not and still don't think that the evidence supports that a false stigmatizing claim now it is true on page 48 of document number 252 the sheriff is asked about this and he says he personally doesn't isn't aware of the name clearing hearing this was part of the earlier procedure but when asked about a trial he understands of course that trial that this court said he should have the office should have allowed her or notified her of that had it be had it been known hadn't there been a false stigmatizing statement so to the extent opposing counsel is implying that there was some decision made therefore there's a policy that's inaccurate there was no policy it was inaction and maybe ignorance and in our view that doesn't support final policy makers status for purposes of monel to judge choklat's question earlier i think to the point that they are pursuing they have the case as a procedural due process case but they have pursued the damages as you point to substance due process we preserve that by arguing that they did not show any damages which you can get assumed for the sake of argument that you can get something other than a hearing those damages are for the deprivation of your meaningful opportunity they presented two experts on damages neither of whom addressed that point that is what we present in rule 50 so the actual damage were not proven an element of the case mr mr gordon says in part mr koji that with regards to the monel issue that you never listed it in the pre-trial stipulation and there never put and thereby never put anybody on notice that this monel issue was going to be litigated either through discovery or at trial and that you have therefore forfeited it or waived it use whatever terminology you want can you respond to that absolutely absolutely your honor we we obviously disagree with that what mr gordon is arguing for is a hyper technical pleading the elements that are laid out which were in the joint pre-trial statement which were in this course earlier specifically have an element that you have to show that the false and stigmatizing publication was made by a governmental employer our view is that's what is encompassed under monel keep in mind we have the sheriff borders individually and in his official capacity this applies to the sheriff's office in his official capacity so that element as it pertains to the sheriff in his official capacity encompasses monel they have not i see my time is up may i may i have a half a minute to finish my thought yes they have not pointed to any case law that says you have to identify and spell out the exact legal standard applied under each of the elements the element is there has to be a publication by the government employer we did not waive it thank you your honor all right thank you both very much